1  SEYFARTH SHAW LLP
   Thomas Kaufman (State Bar No. 177936)
2  Laura Reathaford (State Bar No. 254751)
  2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
  Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219
  e-mail: tkaufman@seyfarth.com
5        lreathaford@seyfarth.com

6  FERRIS & BRITTON
  A Professional Corporation
7   Christopher Q. Britton (State Bar No. 56623)
   W. Lee Biddle (State Bar No. 217128)
8  401 West A Street, Suite 2550
  San Diego, CA 92101
9  Telephone: (619) 233-3131
  Facsimile: (619) 232-9316
10  e-mail: cbritton@ferrisbritton.com
       lbiddle@ferrisbritton.com
11

12  Attorneys for Defendant Cox Communications, Inc. and CoxCom, Inc.

13

14        UNITED STATES DISTRICT COURT   **FILED BY FAX**

15        CENTRAL DISTRICT OF CALIFORNIA

16  LEONARD CASTILLO, as an individual   Case No.  **CV10  4049**  DMG
  and on behalf of others similarly situated,                (MANX)
17                     **NOTICE OF REMOVAL**
        Plaintiff,
18

19      vs.               **[CLASS ACTION FAIRNESS ACT**
                      **OF 2005]**
20  COX COMMUNICATIONS, INC., a
  Delaware Corporation, COXCOM, INC., a
21  Delaware Corporation; and DOES 1-100,   **[DECLARATION OF SUSAN**
  inclusive,                  **BOWLER IN SUPPORT FILED**
22                  **CONCURRENTLY UNDER**
        Defendants.       **SEPARATE COVER]**
23

24  ///

25  ///

26  ///

27  ///

28  ///

1

CASE NO.: _____

**NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF LEONARD CASTILLO AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1441 and 1446, Defendants CoxCom, Inc. and Cox Communications, Inc., hereby jointly remove the above-captioned action from the Superior Court of the State of California, in and for the County of Orange, to the United States District Court, Central District of California. Defendants assert that federal jurisdiction exists under the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)) as follows:

**PROCEDURAL BACKGROUND**

1.      On April 9, 2010, Plaintiff Leonard Castillo filed a complaint for Legal and/or Equitable Relief (the "Complaint") in Superior Court of the State of California, in and for the County of Orange, Case No. 30-2010-000363913 (the "State Court Action") on behalf of himself and all others similarly situated. The gravamen of Plaintiff's Complaint is that CoxCom has failed to comply with applicable law as to its California employees with regard to payment of wages, provision of meal and rest periods, keeping of accurate time records and records of meal periods, payment of overtime and vacation time, and seeks various civil penalties for such violations, as well as a claim for restitution under California Business and Professions Code §§ 17200 et seq.

2.      Defendant CoxCom, Inc. first received notice of the State Court Action when the Complaint was served on its agent for service of process on April 29, 2010, which is the first notice to either Defendant of the pendency of this action. Therefore, this notice is filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which this Action is based, and is timely pursuant to 28 U.S.C. § 1446(b).

3.      The following pleadings constitute all the process, pleadings and orders in this action to date of which Defendant is aware:

CASE NO.: _____
NOTICE OF REMOVAL

a. A copy of the Complaint, attached hereto as Exhibit A, and

b. A copy of the Summons, Civil Case Cover Sheet, Superior Court of Orange County ADR Information and Guidelines For Complex Civil Cases, are attached hereto as Exhibit B.

4.     This Court is the United States District Court for the district within which the State Court Action is pending.

**CLASS ACTION FAIRNESS ACT**

5.     As set forth below, pursuant to 28 U.S.C. Section 1441(a), Defendants may remove the State Court Action to Federal Court under the Class Action Fairness Act of 2005 (codified in pertinent part at 28 U.S.C. § 1332(d))  inasmuch as (1) at least one member of the putative class is a citizen of a state different than Defendants, (2) the lawsuit is pled as a class action involving more than 100 putative class members, (3) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of costs and interest.

6.     **Citizenship of Parties**

a. <u>Citizenship of Class Members</u>.  Plaintiff alleges that the putative class is comprised of "all California employees" of Defendants.  Complaint ¶ 18.  Given that the class members are, by definition, employed in California, there is no question that most, if not all of them, are California citizens.  In fact, CoxCom records indicate that virtually one hundred percent of the putative class members provided CoxCom with a residential address within California, including Plaintiff Leonard Castillo. Declaration of Susan Bowler ¶ 3-4 (hereafter "Bowler Decl.").  For diversity purposes, "a person is a citizen of the state in which he is domiciled." *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile. *Id.*, *State Farm Mutual Auto Ins. V. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). Therefore, one or more of the class members are residents of California within the meaning of 28 U.S.C. Section 1332(d).

///

CASE NO.: _____
**NOTICE OF REMOVAL**

b. <u>Defendant's Citizenship</u>.  Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  CoxCom and Cox Communications, Inc, as alleged in the complaint, are Delaware corporations. Complaint, ¶ 9, Bowler Decl. ¶ 9.  The principal place of business of both CoxCom and Cox Communications is Atlanta, Georgia, where the primary executive offices are located, key records maintained, and important policy decision are made.  Bowler Decl. ¶ 10.  Accordingly, Defendants are citizens of Delaware and Georgia, but not of California.

c. <u>Doe Defendants</u>.  Although Plaintiff has also named fictitious defendants "Does 1-100," 28 U.S.C. § 1441(a) provides, "[f]or the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  See also *Fristos v. Renolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) [unnamed defendants are not required to join in a removal petition].  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

7.  **Size of the Class**.  Plaintiffs admits in his pleadings that "the members of the class exceed 100 persons and are so numerous that joinder of all members would be impractical, if not impossible." Complaint ¶ 19.  Among the many putative subclasses described by Plaintiff is one consisting of "all past and present California non-exempt employees of Defendants who were provided wage statements." Complaint ¶ 18. By law, all California employees receive wage statements. Cal. Labor Code § 226(a).  According to CoxCom records, the company has employed approximately 4,153 different individuals in non-exempt job positions over the four years before this complaint was filed. Bowler Decl. ¶ 6.  Therefore, the number of putative class members is well in excess of 100.

8.  **Amount in Controversy.**  The Complaint makes no specific statements of the amount in controversy.  Where a specific amount of damages is not alleged in the Complaint, Defendants must prove by a preponderance of evidence that the amount

CASE NO.: _____
**NOTICE OF REMOVAL**

in controversy element is satisfied. *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 998 (9th Cir. 2007). As amended, 28 U.S.C. § 1332(d) states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000 exclusive of interest and costs." 29 U.S.C. § 1332(d)(6). In the case at bar, it is apparent from the Complaint that Plaintiff's prayer for relief on behalf of the putative class exceeds $5,000,000. In addition to injunctive relief, interest, attorney fees, and costs, Plaintiff seeks the following monetary relief as to the putative class members:

    a. <u>Meal and Rest Period Claims</u>: Under his First Cause of Action, Plaintiff claims that he "and the class were suffered and permitted to work through legally required breaks." Complaint ¶ 33. A remedy for this violation is one additional hour of wages for each day a meal or rest period is not provided. Cal. Labor Code § 226.7, *Murphy v. Kenneth Cole Productions* 40 Cal.4th 1094, 1099 (2007). Here, the average hourly pay of CoxCom's non-exempt employees in the four years before the Complaint was filed is approximately $20.44 per hour. Bowler Decl. ¶ 7. If Plaintiff asserts that each class member missed just one meal or rest period a week, each would be entitled to an additional $20.44 a week in wages. Based on a 50-week work year, each would receive an additional $1,022 per year. CoxCom currently employs 2327 non-exempt employees in California, and employed 4,153 different non-exempt employees over the last four years. Bowler Decl. ¶ 4, 6. Assuming just 2,000 were employed at any one time over the last four years, Plaintiff would be seeking $2,044,000 per year for this violation, or $8,176,000 over the four years covered by the Complaint.

    b. <u>Failure to Pay Overtime</u>: In his Fourth Cause of Action, Plaintiff asserts that "as a pattern and practice, Defendants regularly failed to pay Plaintiff and class members for all overtime worked[.]" Complaint ¶ 58. If Plaintiff claims that each class member lost just 15 minutes of compensation a week, each would be entitled to an additional $7.67 a week in wages at the average time and a half overtime

CASE NO.: _____
**NOTICE OF REMOVAL**

rate of $30.66. Based on a 50-week work year, each would receive an additional $383.50 a year. Assuming an average of just 2,000 non-exempt employees working at any one time, Plaintiff would be seeking $767,000 per year. Over a four-year period, this totals $3,068,000, not inclusive of interest.

    c.   <u>Failure to Maintain and Keep Accurate Records</u>: In his Sixth Cause of Action, Plaintiff asserts that CoxCom failed to provide wage statements which complied with the requirements of Cal. Labor Code § 226. Complaint ¶¶ 69-73. Plaintiff seeks "damages and/or penalties" under this section. Complaint ¶ 72. Labor Code § 226(e) provides that employees suffering injury as a result of a knowing and intentional failure to comply with the law may recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each subsequent pay period, or $2,550 per employee over the year before the Complaint was filed. For 2,327 individuals currently working in non-exempt positions for CoxCom, the total amount at issue would be $5,933,850.

    d.   <u>Civil Penalties Under Cal. Labor Code § 2698</u>: In his Ninth Cause of Action, Plaintiff, "on behalf of himself and other current and former employees" seeks to recover civil penalties under Cal. Labor Code § 2698, commonly referred to as the Labor Code Private Attorney General Act, for violations of Labor Code sections including 201, 202, 203, 204, 226.7, 227.3, 450, 1194, and 2802. Complaint ¶ 89-90. Under the Labor Code Private Attorney General Act, a plaintiff may seek to recover a penalty of $100 per pay period per employee for the initial violation and $200 per pay period per employee for each subsequent violation. Labor Code § 2669(f)(2). Even if Plaintiff attempted to show that each class members was subject to just a single one of these nine alleged violations each pay period, the total amount of the potential penalty is $5,100 per employee ($100 for first pay period, $200 for the next twenty five periods), or $11,867,700 over the 2,327 individuals currently working in non-exempt positions for CoxCom.

/ / /

CASE NO.: _____
**NOTICE OF REMOVAL**

e.   <u>Additional Claims</u>: Plaintiff brings additional claims allegedly common to the class including failure to pay vested vacation benefits (Complaint ¶ 42), failure to pay for "off clock" work time (Complaint ¶ 50), failing to indemnify employees for expenses (Complaint ¶ 66), and failure to pay waiting time compensation under Labor Code § 203 (Prayer for Relief, p. 21). Based on the number of class members, the wide variety of claims, and the time period covered by the Complaint, Plaintiff may reasonably be viewed as seeking many millions in additional damages.

9.   While these calculations support a finding that the matter in controversy is well is excess of $5,000,000, Defendants do not concede that money is owed to any or all putative class members, nor do Defendants waive any defenses to any and all allegations of the Complaint.

**NOTICE**

10.   Pursuant to 28 U.S.C. Section 1446(d) a copy of this Notice of Removal, and all exhibits hereto, is being served on Plaintiff and filed with the Clerk of the Superior Court of California, County of Orange.

WHEREFORE, CoxCom, Inc. and Cox Communications, Inc. hereby remove the action now pending against it in the Superior Court of the State of California, County of Orange, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

DATED: May 28, 2010          FERRIS & BRITTON, APC

By _____
W. Lee Biddle
Attorneys for Defendants
COXCOM, INC., COX
COMMUNICATIONS, INC,

CASE NO.: _____
**NOTICE OF REMOVAL**

**Exhibit A**

$355.00
$550.00

PETER M. HART (State Bar No. 198691)
KIMBERLY S. WESTMORELAND (State Bar No. 237919)
**LAW OFFICES OF PETER M. HART**
13952 Bora Bora Way, F-320
Marina Del Rey, CA 90292
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (State Bar No. 198443)
LINDA P. WHITEHEAD (State Bar No. 222799)
MELISSA M. COYLE (State Bar No. 232775)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff
Leonard Castillo

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Apr 09 2010**

ALAN CARLSON, Clerk of the Court
by R. Vavra

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

LEONARD CASTILLO, as an individual and on behalf of others similarly situated,

    Plaintiff,

    v.

COX COMMUNICATIONS, INC., a Delaware corporation; COXCOM, INC., a Delaware corporation; and DOES 1 THROUGH 100, inclusive,

    Defendants.

CASE NO.: 30-2010-00363913

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **DENIAL OF MEAL BREAKS;**
(2) **VIOLATION OF LABOR CODE § 227.3;**
(3) **FAILURE TO PAY MINIMUM WAGES;**
(4) **FAILURE TO PAY OVERTIME WAGES;**
(5) **VIOLATION OF LABOR CODE § 2802**
(6) **VIOLATION OF LABOR CODE § 226 RELATING TO RECORD KEEPING;**
(7) **VIOLATION OF LABOR CODE § 450;**
(8) **UNFAIR BUSINESS PRACTICES** (Violation of California Business & Professions Code §17200, *et seq.*);
(9) **VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203, 204, 221, 222.5, 226(a), 226.7, 227.3, 450, 1194, 1197 and 2802 enforced pursuant to CALIFORNIA LABOR CODE § 2698, *et seq.***

**DEMAND FOR JURY TRIAL**

JUDGE DAVID C. VELASQUEZ
DEPT. CX101

1

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff LEONARD CASTILLO ("Castillo" or "Plaintiff"), hereby submits this Class

2    Action Complaint against Defendant COX COMMUNICATIONS, INC. and COXCOM, INC.,

3    ("Defendants") and Does 1-100 (hereinafter collectively referred to as "Defendants") on behalf of

4    himself and the class of others similarly situated current and former employees of Defendants, as

5    follows:

6                              **INTRODUCTION**

7           1.     This class action is within the Court's jurisdiction under California Labor Code

8    §§ 201-204, 226, 226.7, 227.3, 450, 1194, 2698 et seq., and 2802, the California Business and

9    Professions Code § 17200, *et seq.*, (Unfair Practices Act), and the applicable wage order(s) issued by

10   the Industrial Welfare Commission ("IWC").

11          2.     This complaint challenges systemic illegal employment practices resulting in

12   violations of the California Labor Code, Business and Professions Code and applicable IWC wage

13   orders against employees of Defendants.

14          3.     Plaintiff is informed and believes and based thereon allege that Defendants,

15   joint and severally have acted willfully and intentionally and with deliberate indifference and

16   conscious disregard to the rights of all employees in failing to provide all meal and rest

17   breaks/premium pay, failing to pay all compensation for all regular hours worked, failing to pay all

18   overtime wages and all overtime wages at the correct rate of overtime pay, forfeiting vested vacation

19   wages, failing to reimbursing for all work related expenses, making improper deductions and requiring

20   employees to patronize Defendants, failing to pay all wages, and failing to keep and maintain accurate

21   itemized wage statements.

22          4.     The policies, practices and customs of Defendants described above and below

23   have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses

24   that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and

25   applicable IWC wage orders.

26                         **JURISDICTION AND VENUE**

27          5.     The Court has jurisdiction over the violations of the California Labor Code §§

28   201-204, 226, 226.7, 450, 1194, 2698 et seq., 2802, the California Business and Professions Code §

                                       2
                 CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   17200, *et seq.*, and the applicable wage order(s) issued by the Industrial Welfare Commission

2   including IWC Wage Order No. 16 § 3, 10 and 11 claims alleged herein.

3           6.      This Court has jurisdiction over this Class Action pursuant to California Code

4   of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

5           7.      Venue is proper because Defendants do business in California and in Orange

6   County.

7                                           **PARTIES**

8           8.      Plaintiff Leonard Castillo was an employee of Defendants from in or about

9   March 2006 to on or about December 7, 2009.  Plaintiff was employed as a non-exempt employee

10  during the full period of his employment with Defendants.  Plaintiff was and is a victim of the policies,

11  practices and customs of Defendants complained of in this action in ways that have deprived him of

12  the rights guaranteed him by California Labor Code §§ 201-204, 226, 226.7, 227.3, 450, 1194, 2698 et

13  seq., and 2802, the California Business and Professions Code §17200, *et seq.*, and the applicable wage

14  order(s) issued by the Industrial Welfare Commission.

15          9.      Plaintiff is informed and believes and based thereon alleges CoxCom, Inc. and

16  Cox Communications, Inc. were and are Delaware corporations doing business in the State of

17  California.

18          10.     Plaintiff is informed and believes and thereon alleges that at all times herein

19  mentioned Defendants and DOES 1 through 100, are and were corporations, business entities,

20  individuals, and partnerships, licensed to do business and actually doing business in the State of

21  California.

22          11.     Defendants provide communications services and products in and/or around

23  California and employ over a hundred employees such as Plaintiff at any given time in the State of

24  California.

25          12.     As such, and based upon all the facts and circumstances incident to Defendants'

26  businesses in California, Defendants are subject to California Labor Code §§ 201-204, 226, 226.7,

27  227.3, 450, 1194, 2698 et seq., and 2802, the California Business and Professions Code § 17200, *et*

28  *seq.*, and the applicable wage order(s) issued by the Industrial Welfare Commission.

---

3

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

13.   Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff pray leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.   At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15.   Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein

4

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  alleged.

2  ## CLASS ACTION ALLEGATIONS

3      18.   **Definition:** The named individual Plaintiff brings this action on behalf of

4  himself and the class pursuant to California Code of Civil Procedure § 382 and is consistent with Fed.

5  R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The classes consist of

6      (a) all former California employees of Defendants who had vacation policies applied to

7          them (including but not limited to vested paid time off, personal days, floating

8          holidays, and other paid-time-off benefits);

9      (b) all past and present California employees of Defendants who incurred unreimbursed

10          work-related expenses;

11      (c) all past and present California non-exempt employees of Defendants who were

12          provided wage statements;

13      (d) all past and present California non-exempt employees of Defendants who worked

14          more than 8 hours in a given day at any time during the period from four years prior

15          to the filing of this Complaint to the present;

16      (e) all past and present California non-exempt employees of Defendants who were paid

17          on an hourly basis and who worked more than 8 hours in a given day at any time

18          during the period from four years prior to the filing of this Complaint to the present;

19      (f) all past and present California non-exempt employees of Defendants four years prior

20          to the filing of this Complaint to the present who worked 6 hours or more in a

21          work-day;

22      (g) all past and present California non-exempt employees of Defendants four years

23          prior to the filing of this Complaint to the present who worked were not paid

24          minimum wages for all hours worked;

25      (h) all past and present California non-exempt employees of Defendants four years

26          prior to the filing of this Complaint to the present who worked whose paystubs

27          show that they had deductions for goods or services of Defendants.

28      19.   **Numerosity:** The members of the class exceed 100 persons and are so

5

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   numerous that joinder of all members would be impractical, if not impossible. The identity of the

2   members of the class is readily ascertainable by review of Defendants' records, including payroll

3   records. Plaintiff is informed and believes and based thereon alleges that (a) class members were

4   regularly denied meal breaks and/or rest breaks, (b) class members were not provided accurate

5   itemized wage statements pursuant to California Labor Code § 226; (c) class members were regularly

6   paid at the incorrect rate of pay for purposes of overtime calculations; (d) class members were

7   regularly suffered and/or permitted to work without appropriate pay, including minimum wage; (e)

8   class members were required to travel without appropriate pay, including minimum wage; and (f) class

9   members were regularly required to travel without being reimbursed all business expenses,

10   specifically mileage and other travel related expenses.

11         20.   **Adequacy of Representation:** The named Plaintiff is fully prepared to take all

12   necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's

13   attorneys are ready, willing and able to fully and adequately represent the class and individual

14   Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and

15   currently have a number of wage-and-hour class actions pending in California courts.

16         21.   Defendants uniformly administered a corporate policy, practice and/or custom

17   concerning staffing levels, duties, responsibilities of the class members, which required that the class

18   members to work through the legally required rest and meal breaks. Plaintiff is informed and believes

19   and based thereon alleges this corporate conduct is accomplished with the advance knowledge and

20   designed intent to willfully withhold appropriate wages for work performed by class members. In

21   addition, Defendants uniformly administered a corporate policy, practice and/or custom that failed to

22   comply with Labor Code §§ 1194 & 1197. Plaintiff is informed and believes and based thereon alleges

23   that this corporate conduct is accomplished with the advance knowledge and intent to willfully fail to

24   pay for all hours worked. In addition, Defendants uniformly administered a corporate policy, practice

25   and/or custom that failure comply with Labor Code § 1194. Plaintiff is informed and believes and

26   based thereon alleges this corporate conduct is accomplished with the advance knowledge and

27   designed intent to willfully fail to pay all overtime wages due to the incorrect calculation of the regular

28   rate. In addition, Defendants uniformly administered a corporate policy, practice and/or custom that

6

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   failed to comply with Labor Code § 2802. Plaintiff is informed and believes and based thereon alleges

2   this corporate conduct is accomplished with the advance knowledge and designed intent to willfully

3   fail to reimburse for all work related expenses or losses. In addition, Defendants uniformly

4   administered a corporate policy, practice and/or custom that failed to comply with Labor Code § 226.

5   Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished

6   with the advance knowledge and designed intent to willfully fail to record the hours worked and

7   proper rates of pay for work performed by class members.

8         22.    Plaintiff is informed and believes and based thereon alleges that Defendants, in

9   violation of California Labor Code §§ 201 and 202, *et seq.*, respectfully, had a consistent and uniform

10  policy, practice and custom of willfully failing to comply with Labor Code § 203. Plaintiff and other

11  members of the class did not secret or absent themselves from Defendants, nor refuse to accept the

12  earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time

13  compensation for the unpaid wages to separated employees pursuant to California Labor Code § 203.

14        23.    As a pattern and practice, in violation of the aforementioned labor laws and

15  wage orders, Defendants did not maintain adequate records pertaining to when Plaintiff and the

16  members of the class began and ended each work period, meal period, the total daily hours worked,

17  and the total hours worked per pay period and applicable rates of pay in violation of California Labor

18  Code §§ 226 and 1174 and the applicable IWC wage order including IWC Wage Order No. 16-2001.

19        24.    **Common Question of Law and Fact:** There are predominant common

20  questions of law and fact and a community of interest amongst Plaintiff and the claims of the class

21  concerning Defendants' (a) failure to provide all class members proper meal breaks, (b) failure to

22  provide all class members rest breaks, (c) failure to pay for all hours worked, including minimum

23  wage and overtime; (d) failure to pay all overtime wages earned and failure to pay all overtime hours

24  at the correct rate of pay; (e) failure to reimburse for all work related expenses, (f) failure to keep and

25  provide accurate payroll records in violation of Labor Code § 226, (g) forfeiture of vested vacation

26  wages in violation of Labor Code § 227.3, (h) requiring their employees to patronize their employer in

27  violation of Labor Code § 450, (i) engaging in unfair business practices.

28        25.    **Typicality:** The claims of Plaintiff are typical of the claims of all members of

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor

2   Code §§ 201-204, 226, 226.7, 227.3, 450, 1194, 2698 et seq., and 2802, the California Business and

3   Professions Code § 17200, *et seq.*, and the applicable wage order(s) issued by the Industrial Welfare

4   Commission.

5         26.   The California Labor Code and Wage Order provisions upon which Plaintiff

6   bases his claims are broadly remedial in nature. These laws and labor standards serve an important

7   public interest in establishing minimum working conditions and standards in California. These laws

8   and labor standards protect the average working employee from exploitation by employers who may

9   seek to take advantage of superior economic and bargaining power in setting onerous terms and

10   conditions of employment.

11         27.   The nature of this action and the format of laws available to Plaintiff and

12   members of the class identified herein make the class action format a particularly efficient and

13   appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an

14   individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

15   since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with

16   their vastly superior financial and legal resources. Requiring each class member to pursue an

17   individual remedy would also discourage the assertion of lawful claims by employees who would be

18   disinclined to file an action against their former and/or current employer for real and justifiable fear of

19   retaliation and permanent damage to their careers at subsequent employment.

20         28.   The prosecution of separate actions by the individual class members, even if

21   possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to

22   individual class members against the Defendants and which would establish potentially incompatible

23   standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class

24   members which would, as a practical matter, be dispositive of the interest of the other class members

25   not parties to the adjudications or which would substantially impair or impede the ability of the class

26   members to protect their interests. Further, the claims of the individual members of the class are not

27   sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs

28   and expenses.

**8**

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

29.　Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of unpaid premium compensation for missed meal periods pursuant to Labor Code § 226.7, unpaid overtime wages overtime, forfeited vacation wages, reimbursement of all work-related expenses, restitution of improper deductions from wages, including interest thereon, applicable damages and penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 226, 1194 and Code of Civil Procedure § 1021.5.

30.　Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

31.　The Plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**For Failure to Provide Meal Breaks in Violation of Labor Code Sections 226.7 and**

**IWC Wage Order No. 16**

**(Against All Defendants by Plaintiff)**

32.　Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set for herein.

33.　Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiff and other members of the class, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. Plaintiff and the class were suffered and permitted to work through legally required meal breaks. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7. Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each meal break.

9

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

34.   Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal break each day worked in excess of five (5) hours. Plaintiff and class members regular worked in excess of ten (10) hours per day and accordingly had a right to take two 30-minute meal periods each day worked in excess of ten (10) hours.

35.   As a pattern and practice, Defendants' employees were suffered and permitted to work through legally required meal breaks.

36.   Plaintiff is informed and believes and based thereon alleges Defendants' failure to provide Plaintiff and other members of the class with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff and other members of the class, from improper motives in conscious disregard of Plaintiff and other members of the class' rights.

37.   Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

38.   As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiff is informed and believes and based thereon alleges Defendants did not properly maintain records pertaining to when Plaintiff began and ended each meal period in violation of California Labor Code §§ 226 and 1174.

39.   Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 218.5.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

40.      Defendants' wrongful and illegal conduct in failing provide class members with the opportunity to take meal breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same.   This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

//

## SECOND CAUSE OF ACTION

### Forfeiture of Vested Vacation Wages

### in Violation of Labor Code Section 227.3

### (Against All Defendants by Plaintiff)

41.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

42.      Defendants under California law cannot forfeit vested vacation wages and must pay all vested vacation wages under Labor Code section 227.3 at the end of employment.  Vacation wages under California law and for purposes of this lawsuit covers, vacation for purposes of this action means including vested paid time off ("PTO"), personal days, floating holidays, and other paid-time-off/vacation pay.

43.      Plaintiff is informed and believes and based thereon alleges Defendants' failure to pay all vested vacation wages at the end of employment was willful and done with the wrongful and deliberate intention of injuring Plaintiff and other members of the class, from improper motives and in conscious disregard of Plaintiff and other members of the class' rights.

44.      Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other members of the class the vacation wages due and owing them

11

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  upon separation from employment results in a continued payment of wages up to thirty (30) days from

2  the time the wages were due. Therefore, Plaintiff, and other members of the class who have separated

3  from employment, are entitled to compensation pursuant to Labor Code § 203.

4    45.    Such a pattern, practice and uniform administration of corporate policy as

5  described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class

6  identified herein, in a civil action, for the unpaid balance of the unpaid wages owed pursuant to Labor

7  Code § 227.3, including interest thereon, penalties, reasonable attorney's fees, and costs of suit

8  according to the mandate of California Labor Code § 218.5.

9    46.    Defendants' wrongful and illegal conduct in forfeiting vested vacation wages in

10  violation of Labor Code §§ 227.3 and despite the clear legal obligation to do so, unless and until

11  enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all

12  members of the class in that the Defendants will continue to violate these California laws, represented

13  by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This

14  expectation of future violations will require current and future employees to repeatedly and

15  continuously seek legal redress in order to gain compensation to which they are entitled under

16  California law. Plaintiff have no other adequate remedy at law to insure future compliance with the

17  California labor laws and wage orders alleged to have been violated herein.

18                        **THIRD CAUSE OF ACTION**

19           **For Failure to Pay Minimum Wage Pursuant to Labor Code § 1194**

20                        **(Against All Defendants by Plaintiff)**

21    47.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as

22  though fully set for herein.

23    48.    This cause of action is brought pursuant to Labor Code § 1194, which provides

24  that employees are entitled to minimum wages and compensation for work performed.

25    49.    At all times relevant herein, Defendants were required to compensate their non-

26  exempt employees correct and proper regular wages for all regular hours worked.

27    50.    As a pattern and practice, Defendants regularly required Plaintiff and class

28  members, to work hours off the clock without payment of wages. More specifically, Plaintiff and

1 | class members were regularly required to attend meetings without the compensation of any wages.

2 |     51. As a pattern and practice, Defendants regularly failed to pay Plaintiff and class
3 | members who worked off the clock the minimum wages for all hours worked.

4 |     52. Plaintiff is informed and believes and based thereon alleges that Defendants'
5 | regular business custom and practice of requiring its employees to attend meetings without the
6 | payment of minimum wages, according to the mandates of California law is, and at all times herein
7 | mentioned was, in violation of California Labor Code § 1194, and California Industrial Welfare
8 | Commission wage order(s). Defendants' employment policies and practices wrongfully and illegally
9 | failed to compensate Plaintiff and class members for minimum wages earned as required by California
10 | law.

11 |     53. Plaintiff is informed and believes and based thereon alleges that
12 | DEFENDANTS willfully failed to pay class members minimum wages for all hours worked. Plaintiff
13 | is informed and believes and based thereon alleges that DEFENDANTS' willful failure to provide
14 | wages due and owing them upon separation from employment results in a continued payment of
15 | wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other class
16 | members who have separated from employment are entitled to compensation pursuant to Labor Code
17 | § 203.

18 |     54. Such a pattern, practice and uniform administration of corporate policy
19 | regarding illegal employee compensation as described herein is unlawful and creates an entitlement to
20 | recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing,
21 | including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

22 | **FOURTH CAUSE OF ACTION**

23 | **For Failure To Pay All Overtime Hours Worked Pursuant To Labor Code § 1194**

24 | **(Against All Defendants by Plaintiff)**

25 |     55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as
26 | though fully set for herein.

27 |     56. This cause of action is brought pursuant to Labor Code § 1194, *et seq.*, which
28 | provides that employees are entitled to overtime wages and compensation for work performed, and

13

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

provides a private right of action for failure to pay legal overtime compensation for overtime work performed.

57. At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all overtime hours worked pursuant to California Labor Code § 1194.

58. As a pattern and practice, DEFENDANTS regularly miscalculated the overtime rate of pay by failing to include all non-discretionary bonuses, incentive pay and other forms of pay in Defendants' overtime rate calculations for Plaintiff and members of the class. For example, Defendants would pay overtime at 1.5 times the regular rate of pay without including to bonuses and other incentive pay into the regular rate first. Accordingly, Plaintiff and class members were not compensated at the appropriate rate of overtime pay for all hours they were subject to the control of Defendants including all time they were suffered or permitted to work.

59. As a pattern and practice, Defendants regularly failed to pay Plaintiff and class members compensation for all overtime hours worked more than 8 hours in a work-day and more than 40 hours in a work-week. Plaintiff is informed and believes and thereon alleges that Defendants reduced their labor costs by not paying their employees the appropriate pay. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiff and members of the class to work without proper overtime compensation.

60. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiff is informed and believes and based thereon alleges Defendants did not properly maintain records pertaining to the proper and accurate rates of pay in violation of California Labor Code §§ 226 and 1174.

61. Plaintiff is informed and believes and based thereon alleges Defendants regular business custom and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and the applicable California Industrial Welfare Commission Wage Order(s). Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff for overtime compensation earned as required by California law.

14
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

62.  Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees proper compensation for all overtime hours worked. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

63.  Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code § 1194, et seq.

## FIFTH CAUSE OF ACTION

### Violation of Labor Code § 2802

### (Against All Defendants by Plaintiff)

64.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63 as though fully set for herein.

65.  This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

66.  As a pattern and practice, Defendants regularly failed to reimburse and indemnify Plaintiff and class members for work related expenses and losses, including but not limited to mileage and automobile related expenses and/or transportation.

67.  Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802.

68.  Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of

15

California Labor Code § 2802, *et seq*.

## SIXTH CAUSE OF ACTION

### For Violation of Labor Code § 226 Regarding Record Keeping

### (Against All Defendants by Plaintiff)

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68 as though fully set for herein.

70.     Defendants, as a matter of uniform policy and practice and procedure, did not maintain and keep accurate records of their California non-exempt hourly employees in violation of Labor Code § 226.

71.     For example, as a matter of policy and practice, among the violations of Labor Code § 226, Defendants failed to keep accurate records of Plaintiff's and the class members' rates of pay, rates of overtime pay, net wages earned, daily or weekly overtime pay, hours worked, proper amounts of wages owed, proper deductions from wages, and wages paid/earned at the end of employment.

72.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

73.     Defendants' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

16

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## SEVENTH CAUSE OF ACTION

### FOR VIOLATION OF CALIFORNIA LABOR CODE § 450

### (BY PLAINTIFF AS PRIVATE ATTORNEY GENERAL UNDER LABOR CODE § 2698, *ET SEQ.* AGAINST DEFENDANT)

74.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

75.     Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699, *et seq.* Plaintiff has met all the notice requirements set forth in California Labor Code § 2699.3. Plaintiff bring this cause of action on behalf of himself and other current and former employees who at all times relevant were subject to DEFENDANT'S policy of requiring employees to pay DEFENDANT for training related to DEFENDANT'S business, job application administrative fees, and physical fees in violation of California Labor Code § 450. By the conduct described above, DEFENDANT has violated the provisions of California Labor Code § 450.

76.     As a pattern and practice, DEFENDANT regularly compelled Plaintiff and other current and former employees to patronize DEFENDANT'S business, namely, to compel such individuals to pay DEFENDANT for work-related uniforms and work-related equipment, including boots.

77.     This cause of action is brought to enforce California Labor Code § 450 which prohibits employers from compelling or coercing its employees to patronize the employer's business for the purchase of anything of value.

78.     DEFENDANTS have a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code § 450.

79.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee patronage as described herein is unlawful and creates an entitlement to recovery by Plaintiff and other current and former employees in a civil action, for civil penalties, including interest thereon, penalties, attorney's fees, and costs of suit according to the mandate of California Labor Code § 2699(a), (f) & (g)(1).

### EIGHTH CAUSE OF ACTION

17

**For Violations of Business and Professions Code § 17200, *et seq*.**

**(Against All Defendants by Plaintiff)**

80. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as though fully set for herein.

81. Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by their: (a) failure to provide all proper meal breaks, (b) failure to pay all earned and vested vacation wages, (c) failure to provide all class members compensation for all regular hours worked, (d) failure to pay all minimum and overtime wages earned; (e) failure to keep and provide accurate payroll records in violation of Labor Code § 226, and (f) failure to reimburse class members for all for all work related expenses.

82. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

83. Plaintiff seeks, on his own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

84. Plaintiff seeks, on his own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

85. The restitution includes the equivalent of (a) all unpaid wages for regular and overtime hours worked, (b) all unpaid premium compensation mandated by Labor Code § 226.7 and IWC Wage Order No. 16 § 10(B) and 11(B).

86. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

87. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq*., including those set forth

18

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  herein above thereby depriving Plaintiff and other members of the general public the minimum

2  working condition standards and conditions due to them under the California laws and Industrial

3  Welfare Commission wage orders as specifically described therein.

### NINTH CAUSE OF ACTION

### FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202, 203, 204, 226(a), 226.7, 227.3, 450, 1194, and 2802

### (BY PLAINTIFF AS PRIVATE ATTORNEY GENERAL UNDER CALIFORNIA LABOR CODE § 2698, ET SEQ. AGAINST DEFENDANT)

88.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 87 as though fully set forth herein.

89.  Plaintiff is an "aggrieved employee" as that term is defined in California Labor Code § 2699, et seq. Plaintiff has met all the notice requirements set forth in California Labor Code § 2699.3. Plaintiff bring this cause of action on behalf of himself and other current and former employees who at all times relevant were subject to DEFENDANT'S policy of failing to pay overtime wages, failing to pay minimum wages, failing to keep accurate records, failing to reimburse for all work related business expenses, forcing employees to patronize DEFENDANT'S business, and failing to pay wages in a timely fashion. By the conduct described above, DEFENDANT has violated the provisions of California Labor Code §§ 201, 202, 203, 204, 226(a), 450, 226.7, 227.3, 450, 1194, and 2802.

90.  This cause of action is brought to enforce California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 227.3, 450, 1194, and 2802.

91.  Such a pattern, practice and uniform administration of corporate policy regarding failure to pay wages in a timely fashion, illegal deduction from employee wages, failure to pay all overtime wages, failure to pay minimum wage, forcing employees to sign numerous documents with illegal provisions, forcing employees to patronize DEFENDANT'S business, and failing to reimburse for all business related expenses, as described herein is unlawful and creates an entitlement to recovery by Plaintiff and other current and former employees in a civil action, for civil penalties, including interest thereon, penalties, attorney's fees, and costs of suit according to the

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A, Page 19

mandate of California Labor Code §§ 226.3, 1197.1, 2699(a), (f) & (g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the class and the general public prays for judgment as follows:

1.      For an order certifying the proposed class;

2.      For an order appointing Plaintiff as the representative of the class;

3.      For an order appointing Counsel for Plaintiff as class counsel;

4.      Upon the First Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 16 § 10(B) related to meal breaks;

5.      Upon the First Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

6.      Upon the First Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7.      Upon the Second Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 227.3 related to vested vacation wages;

8.      Upon the Second Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

9.      Upon the Second Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to not forfeiting vested vacation wages and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10.      Upon the Third Cause of Action, for consequential damages according to proof and liquidated damages pursuant to Labor Code § 1194.2;

11.      Upon the Third Cause of Action, for waiting time compensation according to

1   proof pursuant to California Labor Code § 203;

2           11.   Upon the Fourth Cause of Action, for consequential damages according to

3   proof;

4           12.   Upon the Fourth Cause of Action, for waiting time wages according to proof

5   pursuant to California Labor Code § 203;

6           13.   Upon the Fifth Cause of Action, for consequential damages according to proof;

7           14.   Upon the Fifth Cause of Action, for waiting time wages according to proof

8   pursuant to California Labor Code § 203;

9           15.   Upon the Sixth Cause of Action, for penalties and/or damages and that

10   Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the

11   requirements of Labor Code § 226 for Defendants' employees related to same; and for an order

12   enjoining and restraining Defendants and their agents, servants and employees related thereto;

13           16.   Upon the Eighth Cause of Action, for civil penalties pursuant to California

14   Labor Code §§ 2699(a), (f) & (g)(1);

15           17.   Upon the Ninth Cause of Action, for restitution to Plaintiff and other similarly

16   effected members of the general public of all funds unlawfully acquired by Defendants by means of

17   any acts or practices declared by this Court to be violative of the mandate established by California

18   Business and Professions Code section 17200, *et seq.*;

19           18.   Upon the Ninth Cause of Action, for an injunction to prohibit Defendants to

20   engage in the unfair business practices complained of herein;

21           19.   Upon the Ninth Cause of Action, for an injunction requiring Defendants to give

22   notice to persons to whom restitution is owing of the means by which to file for restitution;

23           20.   Upon the Tenth Cause of Action, for civil penalties pursuant to California Labor

24   Code §§ 225.5, 226.3, 226.7, 227.3, 450, 1197.1, 2699(a), (f) & (g)(1);

25           21.   For reasonable attorneys fees, expenses and costs as provided by California

26   Labor Code §§ 218.5, 226, 226.7, 450, 1194 and Code of Civil Procedure § 1021.5; and,

27           22.   For such other and further relief the court may deem just and proper.

28

21

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DATED: April 9, 2010                    LAW OFFICES OF PETER M. HART

                                        By: _____
                                            Kimberly A. Westmoreland
                                            Attorney for Plaintiff Leonard Castillo

### DEMAND FOR JURY TRIAL

Plaintiff, for himself and the class, hereby demands a jury trial as provided by California law.

DATED: April 9, 2010                    LAW OFFICES OF PETER M. HART

                                        By: _____
                                            Kimberly A. Westmoreland
                                            Attorney for Plaintiff Leonard Castillo

22

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A, Page 22

**Exhibit B**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COX COMMUNICATIONS, INC., a Delaware corporation, COXCOM,
INC., a Delaware corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LEONARD CASTILLO, as an individual and on behalf of all others
similarly situated,

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> **ELECTRONICALLY
> FILED**
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF ORANGE
> CIVIL COMPLEX CENTER
>
> **Apr 09 2010**
>
> ALAN CARLSON, Clerk of the Court
> by R. Vavra

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Orange County Superior Court, Civil Complex Center 751 W. Santa Ana Boulevard Santa Ana, California 92701 | CASE NUMBER: *(Número del Caso):* 30-2010-00363913 |
| | JUDGE DAVID C. VELASQUEZ DEPT. CX101 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kenneth H. Yoon (SBN 198443)        Telephone No.: (213) 612-0988
One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017        Fax No.:

| DATE: *(Fecha)* April 9, 2009 | ALAN CARLSON | Clerk, by *(Secretario)* | R. VAVRA | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COXCOM, INC.
    under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 4-9 AP10

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Exhibit B, Page 23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address): | FOR COURT USE ONLY |
|---|---|

Melissa M. Coyle (State Bar No. 232775)
Law Offices of Kenneth H. Yoon
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
TELEPHONE NO.: (213) 612-0988    FAX NO.: (213) 947-1211
ATTORNEY FOR (Name): Leonard Castillo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Castillo v. Cox Communications, Inc. et al.

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Apr 09 2010**

ALAN CARLSON, Clerk of the Court
by R. Vavra

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 30-2010-00363913 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE DAVID C. VELASQUEZ  DEPT. CX101 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): Nine
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 9, 2010

Melissa M. Coyle
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Exhibit B, Page 24

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice—Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

Exhibit B, Page 26

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)                                                                 Page 2 of 4

Exhibit B, Page 27

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):* | FOR COURT USE ONLY |
|---|---|
| Telephone No.:      Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR *(Name):*      Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**JUSTICE CENTER:**
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
                   ☐ Under section 1141.11 of the Code of Civil Procedure
                   ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                         California Rules of Court. rule 3.221
L1270 (Rev. January 2010)

**✓ Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.**



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation. These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected. The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*. (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

## I. GENERAL MATTERS

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq*. All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (714) 568-4700. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. ***Form CM-110 should not be used in any action designated or provisionally designated as complex.*** Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

2

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference.  The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate.  A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial.  However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible.  To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided.  The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings.  A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial.  The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1. **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

   Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial Conference is not a substitute for the Issues Conference required by Local Rule 317.**

4

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

## IX. Use of the Court's Evidence Presentation Systems

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

5

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, Kelly v. New West Federal Savings (1996) 49 Cal.App.4[th] 659,671.

6

## APPENDIX 1

### California Attorney Guidelines of Civility and Professionalism
#### (Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

---

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

7

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counsel or an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

8

(Rev. July 1, 2009)