SEYFARTH SHAW LLP
Thomas Kaufman (State Bar No. 177936)
Laura Reathaford (State Bar No. 254751)
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
E-mail: tkaufman@seyfarth.com

FERRIS & BRITTON
A Professional Corporation
Christopher Q. Britton (State Bar No. 56623)
W. Lee Biddle (State Bar No. 217128)
401 West A Street, Suite 1600
San Diego, California 92101
Telephone: (619) 233-3131
Facsimile: (619) 232-9316
E-mail: cbritton@ferrisbritton.com

Attorneys for Defendants
COX COMMUNICATIONS, INC. and COXCOM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD CASTILLO, as an individual and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COX COMMUNICATIONS, INC., a Delaware Corporation, COXCOM, INC., a Delaware Corporation; and DOES 1-100, <br><br> Defendants. | Case No. CV 10-4049-DMG (MAN) <br><br> Assigned to Hon. Dolly M. Gee <br><br> **CLASS ACTION** <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST THROUGH SIXTH, EIGHTH AND NINTH CAUSES OF ACTION AND TO STRIKE CLASS ALLEGATIONS** <br><br> **[F.R.C.P. Rule 12(b) and 12(f)]** <br><br> Date: July 12, 2010 <br> Time: 10:00 a.m. <br> Ctrm: 7 <br><br> Removal filed: May 28, 2010 |

DEFTS' MOTION TO DISMISS CLAIMS AND STRIKE CLASS ALLEGATIONS

12362234v.3

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

This motion is filed following an attempt by Defendants to engage Plaintiff's counsel in a pre-trial conference of counsel on May 28, 2010, pursuant to Local Rule 7-3.

**PLEASE TAKE NOTICE** that on July 12, 2010 at 10:00 a.m. or as soon thereafter as counsel may be heard, Defendants Cox Communications, Inc. and CoxCom, Inc. (collectively, "Defendants" or "Cox") will and hereby do move, under Federal Rules of Civil Procedure 12(b), to dismiss Plaintiff's Complaint and to Strike the class allegations from the Complaint under Federal Rule of Civil Procedure 12(f).

Defendants move to dismiss the following specific causes of action:

(1) First cause of action for denial of meal breaks;

(2) Second cause of action for forfeiture of vested vacation;

(3) Third cause of action for failure to pay minimum wage;

(4) Fourth cause of action for failure to pay for overtime hours worked;

(5) Fifth cause of action for violation of Labor Code § 2802;

(6) Sixth cause of action for violation of Labor Code § 226 - record keeping;[1]

(7) Eighth cause of action for violation of Business and Professions Code § 17200; and

(8) Ninth cause of action for penalties based on violation of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 227.3, 450, 1194, and 2802 (PAGA).

This motion to dismiss is made on the grounds that each of these purported causes fails to state a claim for which relief can be granted. Defendants further

---

[1] The Seventh cause of action is the sole claim wherein Plaintiff pleads any significant facts— i.e., that Cox allegedly had a policy requiring employees to purchase certain specified gear and pay for certain training.

2

DEFTS' MOTION TO DISMISS CLAIMS AND STRIKE CLASS ALLEGATIONS

12362234v.3

1 move to strike the class allegations from Plaintiff's Complaint on the grounds that
2 these portions of the Complaint are excessively vague.
3     The motion to dismiss or strike is based on this notice, Defendants'
4 memorandum of points and authorities, all pleadings and documents on file herein,
5 and on such other and further oral and documentary evidence as may be presented
6 at or before the hearing on this matter.

DATED:  June 4, 2010                    SEYFARTH SHAW LLP


By     /s/ Thomas R. Kaufman
          Thomas R. Kaufman

Attorneys for Defendants
COX COMMUNICATIONS, INC. and
COXCOM, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Leonard Castillo is a former non-exempt employee who worked for Defendant CoxCom, Inc. as a Field Service Representative in San Diego. Plaintiff has filed a class action complaint that asserts in conclusory terms that Cox has violated a broad swath of Labor Code provisions as to every one of its thousands of non-exempt employees in California. Indeed, some of his claims are brought on behalf of *all* Cox California employees, both exempt and non-exempt.

As explained below, Plaintiff's claims are unsustainable as a matter of law because none of the claims is pleaded with enough specificity to properly state a claim under the Rule 8 standards. Instead of alleging *facts* to support his claims, Plaintiff relies solely on conclusory allegations and mere recitations of the elements of his claims and of the general class certification requirements. Pursuant to the pronouncements of the Supreme Court, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Cox should not be subjected to the burden and expense of discovery, particularly on a class-wide basis, so that Plaintiff can engage in a fishing expedition. It is not sufficient for a class action lawyer simply to locate a former employee of a large company and then plead claims that merely cut and paste multiple provisions of the Labor Code and assert that the employer has violated all of them as to every employee who could conceivably be impacted by the Code Section. Instead, Plaintiff should be required to plead some facts that identify some specific policies or practices that allegedly violate the law on a class basis.

1

DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

12362234v.3

In sum, Plaintiff fails to meet the pleading requirements of Rule 8(a) either as to the substance of the claims or as to proceeding with the claims on a class basis. Accordingly, Cox respectfully requests that the Court dismiss the claims and send Plaintiff back to the drawing board to plead a viable class action.

## II. RELEVANT ALLEGATIONS

Cox provides cable television services to customers across the State of California. Within the Complaint, Plaintiff does not identify his job or where he worked, but merely states that he worked from March 2006 to December 2009 as some kind of non-exempt employee somewhere in California.[2] As to his substantive claims at issue here, Plaintiff merely pleads legal conclusions:

- For the meal period claim, Plaintiff merely copies the elements of the claim from Labor Code Section 512 and states that Defendant never paid penalties for missed meal periods pursuant to Labor Code Section 226.7.[3]

- For the vacation pay claim, Plaintiff merely states that Cox had an unspecified unlawful vacation policy that caused forfeiture of vacation pay in violation of Labor Code Section 227.3.[4]

- For the minimum wage claim, Plaintiff merely cites Labor Code Section 1194 and then states that Cox forced unspecified employees to somehow work off the clock without wages. No facts are asserted as to the nature of the forced off-the-clock work.[5]

- For the overtime claim, Plaintiff merely states that Defendants failed to pay for all overtime in violation of Labor Code Section 1194 and that this was allegedly done (on information and belief) to save money.[6]

- For the expense reimbursement claim, Plaintiff merely states that Defendants failed to reimburse for unspecified travel and automobile

---

[2] Complaint ¶ 8
[3] Complaint ¶¶ 33-39.
[4] Complaint ¶¶ 41-45.
[5] Complaint ¶¶ 48-53.
[6] Complaint ¶¶ 56-62.

2
DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

12362234v.3E

expenses. No facts are stated as to the basis for the non-reimbursement (e.g., payment of too-low reimbursement, lack of any expense reimbursement, refusal to follow lawful policy, etc.).[7]

• For the record keeping claim, Plaintiff merely cites the record keeping requirements of Section 226 and states that Cox failed to comply with them. No facts are stated as to which records were not kept or whether this is simply a matter of inaccuracy or a total absence of records.[8]

• For the Business & Professions Code claim, Plaintiff merely incorporates the other vaguely-pleaded claims and asserts that such violations also constituted unfair competition in violation of the Business & Professions Code, entitling the putative class to restitution.[9]

• For the Private Attorney General Act ("PAGA") claim, Plaintiff merely cites a litany of Labor Code provisions and states he is entitled to act as a private attorney general and recover PAGA penalties on behalf of "aggrieved employees." No additional facts are set forth.[10]

Furthermore, Plaintiff purports to assert these claims on behalf of various subclasses that, all together, encompass *all* of Cox's California employees, exempt and non-exempt alike.[11] To support class relief, Plaintiff merely asserts—in conclusory form—that Cox's unspecified policies and practices applied to all class members and that the individual elements of Rule 23 have been met.[12] As explained below, these pleadings cannot withstand a Rule 12 challenge.

## III. LEGAL ARGUMENT

### A. Legal Standard

Rule 8(a)(2) requires "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). In *Bell Atlantic Corp. v.*

---

[7] Complaint ¶¶ 63-67.
[8] Complaint ¶¶ 70-72.
[9] Complaint ¶¶ 81-87.
[10] Complaint ¶¶ 89-90.
[11] Complaint ¶¶ 18(a)-(h)
[12] Complaint ¶¶ 20-31

3
DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

12362234v.3E

*Twombly*, the Supreme Court clarified this obligation: the plaintiff must allege sufficient ***facts*** to raise a right to relief ***above the speculative level***; it is not enough to merely create a suspicion of a legally cognizable right of action.  550 U.S. 544, 555-56 (2007).  Further, a formulaic recitation of the elements of a cause of action will not do—plaintiffs must provide the "grounds" of their "entitlement to relief" by more than mere labels and conclusions.  *Id.*  *Twombly* requires an allegation of "enough facts" to "nudge[] [the] claim[s] across the line from conceivable to probable."  *Id.* at 570.

More recently, the Supreme Court in *Ashcroft v. Iqbal* affirmed and expanded *Twombly*.  The Court stressed:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Ashcroft*, 129 S. Ct. at 1949-50.

The Court continued that:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are ***not entitled to the assumption of truth***.

*Id.* at 1950 (emphasis added).

*Iqbal* affirmed that, where a complaint fails to assert sufficient facts, the reviewing court has the authority to determine whether the allegations are merely conceivable (in which case dismissal is appropriate) versus whether they are actually plausible.  *Id.*

The standard announced in *Twombly* and *Iqbal* is of "general application and is . . . easily applied to wage and hour litigation."  *See Villegas v. J.P. Morgan Chase & Co.*, 2009 WL 605833, at *3 (N.D. Cal. Mar. 9, 2009) (dismissing in part

4

DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE
12362234v.3E

a wage and hour class action for failing to allege specific facts regarding wage-and-hour class claims); *Harding v. Time-Warner, Inc.*, 2010 WL 457690 (S.D. Cal. Jan. 26, 2010) (deeming insufficiently vague allegations that defendant violated Labor Code sections by "fail[ing] to pay and properly calculate overtime" and "fail[ing] to keep accurate records of all hours worked by its employees."); *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249, *6 (E.D. Cal. 2010) (dismissal proper where complaint merely "recit[ed] the statutory language setting forth the elements . . . and then slavishly repeat[ed] the statutory language as to the purported factual allegations.")

Here, the Court should dismiss Plaintiff's First through Sixth, Eighth and Ninth causes of action because there remains a "lack of [a] cognizable legal theory" to support a claim for relief and an "absence of sufficient facts alleged under a cognizable legal theory" for each cause of action. *Deirmenjian v. Deutsche Bank*, A.G., 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007) (dismissing class-action claims that failed to state a claim for relief). Moreover, for the same reasons, the Court should dismiss or strike Plaintiff's class action allegations which do no more than repeat the statutory requirements for class certification.

**B.  Plaintiff's Individual Claims for Relief Fail to Meet the Minimum Pleading Standards under Rule 8(a)**

The Complaint fails to allege any facts to support his claims for alleged meal period, vacation pay, off-the-clock, overtime, expense reimbursement, or PAGA violations. Aside from alleging that Cox is liable for the claims asserted, Plaintiff does not set forth any facts in support of these claims. He provides no dates, names, locations, or any other information demonstrating that the legal conclusions he asserts have a factual basis. He does not identify any particular policies or specific practices. Indeed, he does not even identify where he worked for Cox. *See Harding*, 2010 WL 457690 at * 5 (statement of " where Plaintiff was

5

DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

12362234v.3E

employed by [defendant]" is "a minimal requirement necessary to enable a defendant to frame a response.").

As Plaintiff has failed to satisfy the minimum pleading requirements for his minimum wage and overtime claims, this Court should dismiss Plaintiff's First through Sixth, Eighth and Ninth causes of action pursuant to Rule 12(b).

### C. The Court Should Dismiss or Strike Plaintiff's Class Allegations Because They Also Fail to Meet the Minimum Pleading Standards Under Rule 8(a).

Although the Court should generally refrain from ruling on the issue of certification at the pleadings stage, Plaintiff must still plead ***specific facts*** showing an entitlement to relief on a class-wide basis. Since *Twombly* and *Iqbal* were decided, courts have recognized that class actions must also comply with the same minimum pleading requirements under Rule 8(a) in order to survive a Rule 12 motion and proceed to class discovery. *See, e.g., See Zhong v. August Corp.*, 498 F. Supp. 2d 625, 630-31 (S.D.N.Y. 2007) (dismissing collective action allegations relating to his claims for unpaid overtime compensation and minimum wages under the FLSA because the complaint did not provide a sufficient factual basis to determine whether Plaintiff was "similarly situated" to others); *Nicholas v. CMRE Financial Services, Inc.*, 2009 WL 1652275, at *4 (D.N.J. June 11, 2009) (dismissing class Fair Debt Collection Act claims because "conclusory pleading, devoid of any factual detail, fails to meet Rule 8(a)(2)'s requirement that the Complaint make a 'showing that the pleader is entitled to relief.'").

This analysis of the sufficiency of the pleadings does not mean that a court is engaged in a premature certification analysis. Rather, this standard recognizes that ***all*** allegations, including those related to class treatment, must contain sufficient factual allegations for a court to determine that a plaintiff is entitled to move forward and subject defendants to the rigors, burdens, and costs of the discovery

6

1  that necessarily transpires in a class action lawsuit, particularly one with such
2  broad reaching allegations as this lawsuit.
3      The reason for enforcement of this pleading requirement to class action
4  allegations is clear. Without the courts acting as gatekeepers, any employee who
5  has suffered even a single violation of the Labor Code (i.e., perhaps they worked
6  "off-the-clock" on one occasion) could simply allege, without any plausible basis
7  or information, that some vague "policy" or "procedure" exists, and that it is
8  applied to a class of people about whom the plaintiff has no knowledge or
9  information whatsoever. In doing so, they would needlessly subject a defendant to
10 the expense and burden of litigating a collective or class action. Rule 8 and the
11 pleading standards discussed in *Twombly* and *Iqbal* seek to prevent such abuses.
12     To avoid such abuses, collective or class action complaints that are phrased
13 merely as legal conclusions based on the language of the class action pleading
14 requirements do not pass muster under *Twombly* and *Iqbal*, the same way that a
15 single-plaintiff complaint would fail for merely stating legal conclusions. *See*
16 *Nicholas*, 2009 WL 1652275 at * 4 (granting a motion for more definite statement
17 where plaintiffs made formulaic allegations of the certification requirements).
18     In other words, in pleading his class action, Plaintiff should be required to
19 come forward with some ***facts*** that might plausibly support the existence of a class.
20 For example, in addition to setting forth the facts concerning the violations he
21 experienced, Plaintiff must allege facts— rather than mere legal conclusions—
22 suggesting that other employees had the same relevant experiences.
23     Other courts have recognized that where, as here, Plaintiff allege wage-and-
24 hour violations, the complaint "should, at least approximately, allege the hours
25 worked for which these wages were not received . . . [and] where a plaintiff brings
26 an FLSA claim 'for and on behalf of himself . . . and other employees similarly
27 situated,' the complaint should indicate who those other employees are, and allege
28

7

facts that would entitle them to relief." *See Zhong*, 498 F. Supp. 2d at 628. Similarly, Plaintiff here should be required to plead "***substantial allegations*** that putative class members were together the victims of a single decision, policy, or plan." *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, at *4 (N.D. Cal. Oct. 12, 2007) (emphasis added). The Complaint utterly fails in this regard.

Here, the Complaint simply does not meet the pleading standards of Rule 8, *Twombly,* and *Iqbal*. Plaintiff proposes to represent a putative class consisting of all current and former exempt and non-exempt employees in all positions at all Cox locations in California. Plaintiff merely asserts the general boilerplate legal conclusion that Cox had various unspecified uniform policies and practices. Plaintiff does not provide any facts explaining these vague and conclusory statements, much less any facts to plausibly suggest that there is any common policy or practice that affects each of the multiple exempt and non-exempt positions at all the various Cox locations across California.

In addition, Plaintiff has failed to allege any facts to suggest that his experience as an unspecified "non-exempt employee" in his one, unspecified location was similar to: (a) any other employees in his own location; or (b) any other employees in other locations at which Plaintiff never worked. The idea that the named plaintiff—who worked only in one position at a single location—is "similarly situated" to each and every other exempt and non-exempt position at Cox located anywhere in California is dubious on its face. Given Plaintiff's obvious limited personal knowledge and the complete absence of factual allegations relating to ***any other employee***, it is unclear exactly which of the other job classifications are implicated by Plaintiff's allegations.

Simply put, the Complaint is the very type of legally-deficient pleading that *Twombly* and *Iqbal* were designed to eliminate. The Court should not "unlock the doors of discovery" and permit Plaintiff to engage in a fishing expedition based on

such threadbare allegations. Rather, the Court should dismiss the aforementioned claims and strike the class allegations, thus requiring Plaintiff to re-plead his case in an appropriate manner.

## IV. CONCLUSION

For the foregoing reasons, Cox respectfully requests that Court dismiss the First through Sixth, Eighth and Ninth Causes of Action and strike the class allegations. Plaintiff should be given leave to amend to attempt to meet the *Twombly/Iqbal* pleading standards.

DATED: June 4, 2010					SEYFARTH SHAW LLP


							By   /s/ Thomas R. Kaufman
							        Thomas R. Kaufman

							Attorneys for Defendants
							COX COMMUNICATIONS, INC. and
							COXCOM, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On June 2, 2010, I served the within documents:

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST THROUGH SIXTH, EIGHTH AND NINTH CAUSES OF ACTION AND TO STRIKE CLASS ALLEGATIONS

PROPOSED ORDER

| | |
|---|---|
| x | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
| | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| x | electronically by using the Court's ECF/CM System. |

| | |
|---|---|
| Christopher Q Britton<br>Ferris & Britton APC<br>401 West A Street Suite 2550<br>San Diego, CA 92101 | Melissa Marie Coyle<br>Law Offices of Kenneth H Yoon<br>One Wilshire Boulevard Suite 2200<br>Los Angeles, CA 90017-3383 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on June 2, 2010, at Los Angeles, California.

/s/ Thomas R. Kaufman

10

DEFTS' MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE

12362234v.3E