1  SEYFARTH SHAW LLP
   Thomas Kaufman (State Bar No. 177936)
2  Laura Reathaford (State Bar No. 254751)
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219
   E-mail: tkaufman@seyfarth.com
5
   FERRIS & BRITTON
6  A Professional Corporation
   Christopher Q. Britton (State Bar No. 56623)
7  W. Lee Biddle (State Bar No. 217128)
   401 West A Street, Suite 1600
8  San Diego, California 92101
   Telephone: (619) 233-3131
9  Facsimile: (619) 232-9316
   E-mail: cbritton@ferrisbritton.com
10
   Attorneys for Defendants
11 COX COMMUNICATIONS, INC. and COXCOM, INC.

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14 | LEONARD CASTILLO, as an individual | Case No. CV 10-4049-DMG (MAN) |

15 and on behalf of others similarly situated,

          Plaintiff,                Assigned to Hon. Dolly M. Gee
16
   v.                               **CLASS ACTION**
17                                  **NOTICE OF MOTION AND**
   COX COMMUNICATIONS, INC., a      **MOTION TO TRANSFER**
18 Delaware Corporation, COXCOM, INC., **ACTION TO THE SOUTHERN**
   a Delaware Corporation; and DOES 1- **DISTRICT OF CALIFORNIA**
19 100,
                                    *[Filed concurrently with Declaration*
20        Defendants.               *of Larry Hofer; and [Proposed]*
                                    *Order]*
21
                                    **[28 U.S.C. §1404(a)]**
22
                                    Date:      August 9, 2010
23                                  Time:      9:30 a.m.
                                    Ctrm:      7
24 ─────────────────────────────
                                    Removal filed:   May 28, 2010
25

26

27

28

                                        1

## NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS

This motion is filed following an attempt by Defendants to engage Plaintiff's counsel in a pre-trial conference of counsel on June 25, 2010, pursuant to Local Rule 7-3.

**PLEASE TAKE NOTICE** that on August 9, 2010 at 9:30 a.m. or as soon thereafter as counsel may be heard, Defendants Cox Communications, Inc. and CoxCom, Inc. (collectively, "Defendants" or "Cox") will and hereby do move this Court for an order transferring the claims of Plaintiff Leonard Castillo ("Plaintiff") to the Southern District of California.

This motion to transfer claims is made pursuant to 28 U.S.C. § 1404(a) on the grounds that transfer is warranted due to the interests of justice and the convenience of the parties and witnesses.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Larry Hofer, the pleadings and records on file with this Court, and such evidence and argument as may be presented at or before the hearing on this matter.

DATED:  July 8, 2010                    SEYFARTH SHAW LLP


By    /s/ Laura Reathaford
        Laura Reathaford

Attorneys for Defendants
COX COMMUNICATIONS, INC.
and COXCOM, INC.

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

II.  STATEMENT OF RELEVANT FACTS .................................................2

    A.   Plaintiff Never Worked In The Central District, But Worked and Resided Solely In The Southern District ....................................2

    B.   Cox's San Diego Operations Are Managed Separately From All of Cox's Other California Locations .............................................2

    C.   Virtually All Of The Witnesses And Documents In This Matter Are Located In San Diego California .............................................2

    D.   The Facts And Circumstances Giving Rise To The Complaint Did Not Occur In The Central District .............................................3

    E.   Nothing in the Procedural History Suggests That This Case Should Proceed in Los Angeles ....................................................4

III. LEGAL ARGUMENT.........................................................................4

    A.   Plaintiff's Claims Could Have Been Brought In The Southern District of California ........................................................................5

    B.   The Convenience Of The Witnesses And Parties Strongly Favors A Transfer .................................................................................6

        1.   Nearly All the Witnesses Reside and/or Work in the Southern District..................................................................6

        2.   Nearly All the Witnesses Are Subject to Compulsory Process in the Southern District of California, But Not the Central District..................................................................8

        3.   Litigating Plaintiff's Claims in This Court Would be Much More Costly Than Doing So in the Southern District of California .....................................................................9

    C.   The Interests of Justice Dictate a Transfer of this Action to the Southern District of California .........................................................10

        1.   Plaintiff's Choice of Forum Has Minimal Weight in the Decision Whether to Transfer ...............................................11

        2.   The Events Relevant to Plaintiff's Claims Occurred, and the Sources of Proof are Located, in the Southern District of California .....................................................................12

IV.  CONCLUSION..................................................................................13

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adachi v. Carlyle/Galaxy San Pedro L.P.*
595 F. Supp. 2d 1147 (S.D. Cal. 2009) ..............................................5, 7

*Allegiance Healthcare Corp. v. London Int'l Group, PLC*
1998 U.S. Dist. LEXIS 8953 (N.D. Cal. 1998) ...............................11

*Associated Mills, Inc. v. Rush-Hampton Indus. Inc.*
588 F. Supp. 1164 (N.D. Ill. 1984)..........................................8

*Burstein v. Applied Extrusion Technologies, Inc.*
829 F. Supp. 106 (D. Del. 1992) ............................................9

*E. & J. Gallo Winery v. F. & P.S.P.A.*
899 F. Supp. 465 (E.D. Cal. 1994) .........................................5

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*
820 F. Supp. 503 (C.D. Cal. 1992) ........................................10

*Gordon v. Champlain Mfg.*
1998 WL 671242 (N.D. Cal. 1998) .........................................4

*Gould v. National Life Insurance Co.*
990 F. Supp. 1354 (M.D. Ala. 1998) ......................................12

*Gulf Oil Co. v. Gilbert*
330 U.S. 501 (1947) ........................................................8

*Hodgdon v. Needham-Skyles Oil Co.*
556 F. Supp. 75 (D.D.C. 1982) ............................................9

*Hoffman v. Blaski*
363 U.S. 335 (1960) ........................................................5

*In re Horseshoe Entertainment*
305 F.3d 354 (5th Cir. 2002) .............................................12

*Kim v. Kim*
324 F. Supp. 2d 628 (E.D. Pa 2004) ......................................12

*Koster v. Lumbermen's Mutual Casualty Co.*
330 U.S. 518 (1947) ......................................................12

*Los Angeles Memorial Coliseum Comm'n v. NFL*
89 F.R.D. 497 (C.D. Cal. 1981) aff'd, 726 F.2d 1381 (9th Cir. 1984)......................10

i

### *Table of Contents*
(continued)

Page

*Lou v. Belzberg*
  834 F.2d 730 (9th Cir. 1987)..................................................................12

*Martin-Trigona v. Meister*
  668 F. Supp. 1 (D.D.C. 1987) ............................................................9, 10

*Pacific Car and Foundry Co. v. Pence*
  403 F.2d 949 (9th Cir. 1968)..................................................................11

*Piper Aircraft Co. v. Reyno*
  454 U.S. 235 (1981) ................................................................................4

*Reed v. Fina Oil & Chem. Co., et al.*
  995 F. Supp. 705 (E.D. Tex 1998) .......................................................8, 9

*Saleh v. Titan Corp.*
  361 F. Supp. 2d 1152 (S.D. Cal. 2005) ...........................................5, 6, 7

*Soloman v. Continental American*
  472 F.2d 1043 (3rd Cir. 1973)...............................................................10

*Thomas v. Home Depot U.S.A., Inc.*
  131 F. Supp. 2d 934 (D. Mich. 2001) .....................................................9

*United States v. General Motors Corp.*
  183 F. Supp. 858 (S.D.N.Y. 1960) ..........................................................7

*Van Dusen v. Barrack*
  376 U.S. 612 (1964) ................................................................................5

*Vu v. Ortho-McNeil Pharmaceutical, Inc.*
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ...............................................4, 6

**FEDERAL STATUTES**

28 U.S.C. § 1391(c) .....................................................................................6

28 U.S.C. § 1404(a) ...........................................................................passim

**OTHER AUTHORITIES**

Class Action Fairness Act of 2005 ("CAFA").............................................5

Fed. R. Civ. P. 12(b)(6)................................................................................4

Fed. R. Civ. P. 45(b)(2)..............................................................................8, 9

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

This is a putative wage and hour class action brought by Plaintiff Leonard Castillo on behalf of all California nonexempt employees.  By this Motion, Cox seeks to transfer Plaintiff's claims to the United States District Court for the Southern District of California.  Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought."  Convenience favors transfer in this case.

Plaintiff worked at one of Cox's six San Diego locations and never worked at any other location.  Accordingly, virtually all of the witnesses and evidence are located in San Diego.  For example, all of the relevant time and payroll records, computerized timekeeping systems and managerial witnesses are located in the Southern District.  That is because Cox's San Diego facilities are managed separately from the other California facilities and San Diego managers do not exercise control over the operations and/or employment policies/practices of employees in the other locations.

Moreover, virtually all of the witnesses with knowledge relating to Plaintiff's employment and the calculation/determination of his compensation reside and/or work in the Southern District and are subject to the compulsory service of process of that District.  Importantly, the lives of these witnesses will be significantly disrupted if they are required to travel more than one hundred miles from their homes and jobs to Los Angeles to participate in this litigation when they could easily travel within the Southern District instead.

Accordingly, convenience favors transfer in this case and Cox's motion should be granted.

## II. STATEMENT OF RELEVANT FACTS

### A. Plaintiff Never Worked In The Central District, But Worked and Resided Solely In The Southern District

Cox Communications is a service provider of cable television programming and telecommunications. It operates nine facilities in California: one in each of Santa Barbara, Orange and Los Angeles Counties, and six in San Diego County.[1] Plaintiff worked for Cox one of its facilities in San Diego County from March 2006 until his termination in December 2009.[2] At no time during his employment was he assigned to work in any other California location.[3] Nor was he supervised by or placed under the direction of a California manager located outside of San Diego County.[4] Furthermore, at all relevant times during his employment, including the time of his discharge in December 2009, Plaintiff listed San Diego County as his residence.[5]

### B. Cox's San Diego Operations Are Managed Separately From All Of Cox's Other California Locations

Cox's San Diego facilities are managed separately from the other California facilities. The San Diego managers do not exercise any control over the operations or employment policies and practices at the other locations. Instead, each system reports directly to Cox's headquarters in Atlanta, Georgia.[6]

### C. Virtually All Of The Witnesses And Documents In This Matter Are Located In San Diego California

All of the Cox managers and employees who have relevant knowledge pertaining to Plaintiff's claims work and/or reside in San Diego County.[7]

---

[1] Declaration of Larry Hofer ("Hofer Dec.") ¶ 3.
[2] Hofer Dec. ¶ 5.
[3] Hofer Dec. ¶ 5.
[4] Hofer Dec. ¶ 6.
[5] Hofer Dec. ¶ 7.
[6] Hofer Dec. ¶ 4.
[7] Hofer Dec. ¶ 6.

2

1    Similarly, there are no records related to Plaintiff's employment stored anywhere

2    in California other than in the Southern District.[8]  Plaintiff's payroll records and

3    personnel file were generated and are currently located in San Diego County.[9]  All

4    witnesses who would have direct knowledge of Plaintiff's employment and payroll

5    records, including employees in Cox's human resources and payroll departments,

6    are located in either San Diego or Georgia.[10]

7            **D.    The Facts And Circumstances Giving Rise To The
                      Complaint Did Not Occur In The Central District**

8            Plaintiff asserts nine claims for relief stemming from his employment with

9    Cox.  Plaintiff alleges that, as to him and purported classes of similarly situated

10   individuals,[11] Cox failed to provide meal and rest periods, pay overtime and

11   vacation wages, pay wages in a timely manner, reimburse work related expenses,

12   and provide records of itemized wage statements.[12]

13           None of the facts or circumstances giving rise to Plaintiff's claims occurred

14   within the Central District.[13]  The persons who scheduled his shifts (including meal

15   periods), processed his wages for payment, and reimbursed his expenses are all

16   located in San Diego.[14]  Quite simply, nothing occurred in the Central District

17   related to Plaintiff's claims.

18

19

20

21

22

---

23   [8]     Hofer Dec. ¶ 6.

24   [9]     Hofer Dec. ¶ 6.
     [10]    Hofer Dec. ¶ 6.

25   [11]    Cox disputes, and reserves the right to contest at the appropriate time,
     Plaintiff's allegations that this action can properly proceed as a class action.

26   [12]    Complaint, p. 1.

27   [13]    Hofer Dec. ¶¶ 4-6.

28   [14]    Hofer Dec. ¶ 6.

### E. Nothing in the Procedural History Suggests That This Case Should Proceed in Los Angeles

On April 9, 2010, Plaintiff filed his Complaint in the Orange County Superior Court. Plaintiff's Complaint avoids referencing either his residence or where he worked for Cox.[15]

On June 1, 2010, Cox removed Plaintiff's Complaint, and it was assigned to this Court. On June 2, 2010, Cox filed a motion to dismiss Plaintiff's class claims pursuant to Fed. R. Civ. P. 12(b)(6). On July 2, 2010, Plaintiff filed a First Amended Complaint[16] and as a result, Cox has withdrawn its motion but has reserved its right to raise a timely challenge to the operative Complaint (Cox is weighing whether to file a similar motion toward the amended complaint). Given that this litigation is still at its very inception, with no responsive pleading yet being filed and no discovery having been conducted, a transfer to the Southern District would not be disruptive to or otherwise adversely affect these proceedings.

## III. LEGAL ARGUMENT

After removal, either party can move to transfer the action under 28 U.S.C. § 1404(a). *See, e.g.*, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 240-241 (1981) (case removed to the Central District of California and then transferred to the Middle District of Pennsylvania); *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156-1157 (N.D. Cal. 2009) (granting motion to transfer venue from Northern District to Central District following removal from San Francisco Superior Court); *Gordon v. Champlain Mfg.*, 1998 WL 671242, 1-2 (N.D. Cal. 1998) (granting motion to transfer venue to Eastern District of California and noting that "removal to federal court does not prevent a transfer to another district on convenience grounds pursuant to 28 U.S.C. section 1404(a)").

---

[15] State Court Complaint, Ex. "A" to Notice of Removal.

[16] Plaintiff's FAC similarly avoids reference to his residence or work location.

4

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12461634v.1

1    Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides that

2  "[f]or the convenience of the parties and witnesses, in the interest of justice, a

3  district court may transfer any civil action to any other district or division where

4  the action might have been brought."  The purpose of this section is to "prevent the

5  waste of 'time, energy and money' and to 'protect litigants, witnesses, and the

6  public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*,

7  376 U.S. 612, 616 (1964) (disapproved on other grounds).

8    Several cases interpreting this provision have found transfer to be

9  appropriate where (1) the transferee Court is one where the action might have been

10  brought; (2) the transfer serves the convenience of the witnesses and parties; and

11  (3) the transfer will promote the interests of justice.  *See, e.g., Adachi v.*

12  *Carlyle/Galaxy San Pedro L.P.*, 595 F. Supp. 2d 1147, 1151-1152 (S.D. Cal.

13  2009); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155-1156 (S.D. Cal. 2005); *E.*

14  *& J. Gallo Winery v. F. & P.S.P.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

15  **A.    Plaintiff's Claims Could Have Been Brought In The**
       **Southern District Of California**

16  An action "might have been brought" in a transferee court if that court

17  would have personal jurisdiction over the defendant, and subject matter jurisdiction

18  and venue over the action.  *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

19  Here, Plaintiff's claims could have (and should have) been brought in the

20  Southern District of California.  Cox is subject to personal jurisdiction in the

21  Southern District because it has offices in San Diego, California.  The Southern

22  District has subject matter jurisdiction over the matter as (1) the plaintiff and all

23  putative class members are citizens of California and Cox is a citizen of Georgia

24  and Delaware and (2) the amount in controversy exceeds $5,000,000, exclusive of

25  interest and costs, thus satisfying the requirement for both the Class Action

26  Fairness Act of 2005 ("CAFA") and Diversity of Citizenship.  Venue in the

27

28

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
12461634v.1      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Southern District is proper because venue is available in any jurisdiction in which a

2   defendant is subject to personal jurisdiction.  28 U.S.C. § 1391(c).

3   **B.    The Convenience Of The Witnesses And Parties Strongly
        Favors A Transfer**

4           There is no question that the convenience of the witnesses and parties

5   dictates a strong preference for transfer to the Southern District of California

6   because: (1) most or all of the material witnesses reside or work in the Southern

7   District of California; (2) most or all of the witnesses are subject to compulsory

8   process of the Southern District of California, but not of the Central District; and

9   (3) litigating Plaintiff's claims in this Court would be significantly more costly

10  than doing so in the Southern District of California.

11  **1.    Nearly All the Witnesses Reside and/or Work in
         the Southern District**

12          The convenience of witnesses is often the most important factor in

13  considering a transfer of venue.  *Saleh, supra,* 361 F. Supp. 2d at 1160-1161;

14  *Steelcase Inc. v. Haworth, Inc.*, 41 U.S.P.Q. 2d (BNA) 1468, 1470 (C.D. Cal.

15  1996), *citing A.J. Industries, Inc. v. United States District Court*, 503 F.2d 384 (9th

16  Cir. 1974) ("The convenience of the witnesses is often the most important factor

17  considered by the court when deciding a motion to transfer for convenience").

18          Here, consideration of the convenience of relevant witnesses dictates that

19  Plaintiff's claims be transferred to the Southern District of California because the

20  witnesses with knowledge and information pertaining to Plaintiff's claims reside

21  and/or work in the Southern District of California.[17]

22          In *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151, 1156-

23  1157 (N.D. Cal. 2009), the court transferred a case to the Central District because

24  it would be more convenient for the witnesses and the parties and because the

25  events giving rise to plaintiffs' claims occurred there.  Other courts in California

---

[17]    Hofer Dec. ¶ 6.

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

have based their orders granting a § 1404(a) transfer based upon these same considerations. *See, e.g., Adachi, supra,* 595 F. Supp. 2d at 1151-1152 (granting transfer to the Central District of California because the events, property at issue, and witnesses were all located in Central District); *Saleh,* 361 F. Supp. 2d at 1160-1165 (granting transfer from the Southern District of California to the Eastern District of Washington based on the convenience of the witnesses).

Courts have long recognized the importance of avoiding these burdens as a compelling ground for transfer. In *United States v. General Motors Corp.*, 183 F. Supp. 858 (S.D.N.Y. 1960), for example, the court transferred an action to the Northern District of Ohio because it appeared that resolution of the major issues would depend almost exclusively upon the testimony of the defendant's employees, who resided in and around Cleveland. The court observed:

> If the trial is held in Cleveland, the [defendant's] executives can perform their regular duties except when actually testifying or preparing testimony. They need not neglect their regular duties for an entire day, or lose time waiting to testify, awaiting recall to the stand, or awaiting the settlement of procedural matters among the attorneys and the court. Even on days on which such a witness testifies, he can devote noncourt and evening hours to his regular work and to conferring with associates, subordinates, customers and suppliers. He can accomplish this in his familiar working place, with tools, files and help at hand.

*Id.* at 861.

The same considerations are present here. Most, if not all, of the witnesses with knowledge relating to Plaintiff's employment and the calculation and determination of his compensation reside and/or work in San Diego County.[18] The Central District Courthouse where this case presently is venued is approximately 125 miles away from San Diego. As such, Cox's San Diego business operations

---

[18]    Hofer Dec. ¶ 6.

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

12461634v.1

1    and the lives of the witnesses working and residing in San Diego will be

2    significantly disrupted if they are required to travel more than one hundred miles

3    from their homes and jobs to Los Angeles to participate in the litigation of this

4    case.[19]

5           On the other hand, the Southern District Courthouse is in downtown San

6    Diego, a mere six miles from the Cox's main San Diego facility - where all of the

7    relevant documents and most of the company witnesses are located.  It will be

8    much more convenient for the parties and witnesses to travel within San Diego

9    County than it would be for them to travel between San Diego and Los Angeles.

10               **2.    Nearly All the Witnesses Are Subject to**
                 **Compulsory Process in the Southern District of**
11               **California, But Not the Central District**

12          Federal Rule of Civil Procedure 45(b)(2) mandates that a subpoena may be

13   served only within the district of the action or, if outside the district, within one

14   hundred miles of the place of trial.  "Certainly to fix the place of trial at a point

15   where litigants cannot compel personal attendance and may be forced to try their

16   cases on depositions, is to create a condition not satisfactory to court, jury or most

17   litigants."  *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947).[20]

18          Where material fact witnesses reside primarily outside of the district in

19   which the complaint is filed, it is presumed that those witnesses are not subject to

20   the compulsory process of that court.  *Reed v. Fina Oil & Chem. Co., et al.*, 995 F.

21   Supp. 705, 714-715 (E.D. Tex 1998).  In obtaining a transfer, a party need not

22   prove that certain witnesses are unwilling to testify or that a subpoena will have to

23   be issued.  *Id.* at 714.

24

---

25   [19]    Hofer Dec. ¶ 8.

26   [20]    Although *Gulf Oil* decided the issue under the former *forum non conveniens*
     doctrine, courts have adopted its analysis relating to compulsory process since the
27   codification of § 1404(a).  *See, e.g., Associated Mills, Inc. v. Rush-Hampton Indus.
     Inc.*, 588 F. Supp. 1164, 1167 (N.D. Ill. 1984) (ordering transfer from Illinois to
28   Florida based, in part, on lack of compulsory process over witnesses).

1    Most, if not all, of the material fact witnesses relevant to Plaintiff's claims

2    reside in San Diego County.[21]   As such, those material fact witnesses are not

3    subject to the compulsory process of the Central District.  Fed. R. Civ. P. 45(b)(2);

4    *Reed*, *supra*, at 714 (availability of compulsory process in transferee court favors

5    transfer).  Rather, they are subject to the compulsory process of the Southern

6    District of California.

7    Even if Cox can otherwise obtain the attendance of these witnesses,

8    Plaintiff's claims still should be transferred to the Southern District of California to

9    ensure attendance.  *Burstein v. Applied Extrusion Technologies, Inc.*, 829 F. Supp.

10   106, 113 (D. Del. 1992) (fact that witnesses were defendant's employees may

11   "mean that the [defendant] can compel their attendance at trial without the Court's

12   assistance.  Nevertheless, … the interests of justice would be better served by

13   transferring the action to … where their attendance could be assured, not merely

14   presumed.").  *See also Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934,

15   939 (D. Mich. 2001) (rejecting analysis that employees are "party witnesses").

16   Transferring Plaintiff's claims to the Southern District would ensure the attendance

17   of the witnesses with knowledge and information pertaining to his claims.

18   **3.    Litigating Plaintiff's Claims in This Court
         Would be Much More Costly Than Doing So in
19       the Southern District of California**

20   The added expense to the moving party is another factor relevant to this

21   Court's decision to transfer.  *Martin-Trigona v. Meister*, 668 F. Supp. 1, 3 (D.D.C.

22   1987); *Hodgdon v. Needham-Skyles Oil Co.*, 556 F. Supp. 75, 79 (D.D.C. 1982).

23   Logically, it would be significantly less expensive to litigate this case in the venue

24   that is closer to the location of the evidence and the witnesses.  For example, Cox

25   would bear the significant expense of paying for time and mileage and possibly

26   meals and hotel stays for the employees who are required to attend depositions.  As

27

28   [21]    Hofer Dec. ¶ 6.

1   noted, the distance is far greater for witnesses to travel within San Diego County

2   than it is to travel to the Los Angeles County.  When this expense can be easily

3   avoided, a venue transfer is appropriate.  *Martin-Trigona v. Meister*, 668 F. Supp.

4   at 3 ("the added expense to defendants" a compelling factor weighing in favor of

5   transfer).

6       Accordingly, the convenience of the witnesses, (the most important section

7   1404(a) factor), and the convenience of the parties strongly favor the transfer of

8   this action to the Southern District of California.

9       **C.    The Interests of Justice Dictate a Transfer of this Action to
             the Southern District of California**

10      To determine whether a transfer will serve the interests of justice, the Ninth

11  Circuit applies the following criteria: (i) plaintiff's initial choice of forum; (ii)

12  convenience of the parties; (iii) the convenience of the witnesses – ability to

13  mandate attendance of unwilling witnesses and the cost of obtaining willing

14  witnesses; (iv) where the events took place, and the relative ease of access to

15  sources of proof; and (v) all other practical considerations that make the trial of a

16  case easy, expeditious, and inexpensive.  *Goodyear Tire & Rubber Co. v.*

17  *McDonnell Douglas Corp.,* 820 F. Supp. 503, 507 (C.D. Cal. 1992).  Factors not

18  considered include the convenience or location of counsel, or claims of local

19  prejudice.  *Soloman v. Continental American*, 472 F.2d 1043, 1047 (3rd Cir. 1973);

20  *Los Angeles Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 502-512 (C.D.

21  Cal. 1981) *aff'd*, 726 F.2d 1381, 1399-1400 (9th Cir. 1984).  As discussed above,

22  factors (ii) and (iii) – the convenience of the parties and the convenience of

23  witnesses – strongly favor transfer of Plaintiff's claims to the Southern District of

24  California.  The remaining factors only compound the obvious need for such a

25  transfer in the interests of justice.

26

27

28

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
12461634v.1         MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 1. Plaintiff's Choice of Forum Has Minimal Weight in the Decision Whether to Transfer

Ordinarily, courts may give a plaintiff's choice of forum some deference. However, when the conduct and events giving rise to the cause of action did not take place in the selected forum, courts afford the plaintiff's choice minimal value. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). *See also, Allegiance Healthcare Corp. v. London Int'l Group, PLC*, 1998 U.S. Dist. LEXIS 8953, *5 (N.D. Cal. 1998) ("The plaintiff's choice of forum commands only minimal consideration, however, when he is not a resident of the district where he instituted suit, the operative facts have not occurred within the forum, and the forum has no particular interest in the parties or subject matter"). Here, Plaintiff has not even chosen his home forum.

Further, the alleged conduct giving rise to Plaintiff's action – failure to pay overtime and vacation pay, failure to provide meal and rest breaks, and failure to provide itemized wage statements – occurred in a San Diego facility. Plaintiff has not alleged that any of the operative facts relating to his claims occurred in Central California. His choice of forum, therefore, has absolutely no connection to the events at issue in his Complaint.

Furthermore, whatever weight the Court might give to Plaintiff's choice of a forum that has nothing to do with his claims, the fact that he has alleged a class action further diminishes such weight. For example, as the Supreme Court explained in dismissing a derivative suit brought by a shareholder on behalf of hundreds of policyholders, when other putative plaintiffs could have brought the same claims in a different forum, Plaintiff's choice of forum must be given little weight:

> [W]here there are hundreds of potential plaintiffs, all equally entitled
> voluntarily to invest themselves with the corporation's cause of action
> and all of whom could with equal show of right go into their many

---

11

1    home courts, the claim of any one plaintiff that a forum is appropriate
2    merely because it is his home forum is considerably weakened.

3    *Koster v. Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 524 (1947); *see also*
4    *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Gould v. National Life*
5    *Insurance Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) (the "case's status as a
6    ... class action makes other factors, such as the convenience of the witnesses and
7    availability of proof, tilt greatly in favor of transfer."). Here, Plaintiff has not even
8    chosen his home forum. Thus, his choice of forum is that much more illogical and
9    unworthy of any deference.

10          **2.    The Events Relevant to Plaintiff's Claims**
                    **Occurred, and the Sources of Proof are**
11                  **Located, in the Southern District of California**

12          As discussed above, all alleged events relevant to Plaintiff's claims occurred
13   in San Diego. Moreover, Cox's timekeeping systems and the documents
14   pertaining to Plaintiff's claims (including his personnel file, time records,
15   computer systems and payroll records) are all located in the Southern District.
16   None of these records is located in the Central District. The relative ease of access
17   to proof favors transfer: *In re Horseshoe Entertainment*, 305 F.3d 354, 358 (5th
18   Cir. 2002) (location of books and records weighed in favor of transfer); *Kim v.*
19   *Kim*, 324 F. Supp. 2d 628 (E.D. Pa 2004) (location of cumbersome machines that
20   might have been produced at trial weighed in favor of transfer). No countervailing
21   interest of a witness exists to keep this case in the Central District of California
22   because Plaintiff never worked in the Central District nor was he was ever
23   managed, supervised, or paid out of the Central District.[22]

24          Accordingly, these factors clearly dictate that Plaintiff's claims should be
25   transferred to the Southern District of California.

26   ///

27
─────────────────
28   [22]    Hofer Dec. ¶ 5.

12461634v.1

1
## IV.   CONCLUSION

2        For the foregoing reasons, Cox respectfully requests the Court grant this

3 motion and transfer the action to the Southern District.

4
DATED:  July 8, 2010                          SEYFARTH SHAW LLP

5

6                                              By      /s/ Laura Reathaford
                                                      Laura Reathaford

7                                              Attorneys for Defendants
                                               COX COMMUNICATIONS, INC.
8                                              and COXCOM, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO TRANSFER CLAIMS PURSUANT TO 28 U.S.C. § 1404(A) AND
12461634v.1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                               ) ss
COUNTY OF LOS ANGELES  )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3063. On July 9, 2010, I served the within documents:

**NOTICE OF MOTION AND MOTION TO TRANSFER ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA**

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at , California, addressed as set forth below.

☒  Electronically by using the Court's CM/ECF System.

| | |
|---|---|
| Peter M. Hart<br>Kimberly A. Westmoreland<br>LAW OFFICE OF PETER M. HART<br>13952 Bora Bora Way, F-320<br>Marina Del Rey, CA 90292<br>Phone: 310-478-5789<br>Fax:   509-561-6441 | ***Attorneys for Plaintiff***<br>***Leonard Castillo***<br><br>*hartpeter@msn.com*<br>*kwestmoreland.loph@gmail.com* |
| Kenneth H. Yoon<br>Melissa M. Coyle<br>Linda P. Whitehead<br>LAW OFFICES OF KENNETH H. YOON<br>One Wilshire blvd., Suite 2200<br>Los Angeles, CA 90017<br>Phone:  213-612-0988<br>Fax:    213-947-1211 | ***Attorneys for Plaintiff***<br>***Leonard Castillo***<br><br>*kyoon@yoon-law.com*<br>*mcoyle@yoon-law.com*<br>*lwhitehead@yoon-law.com* |

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on July 9, 2010, at Los Angeles, California.

                                 Elsa J. Terre

12478453v.1