**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LEONARD CASTILLO, as an individual and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., a Delaware corporation; COXCOM, INC., a Delaware corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No. CV 10-04049-DMG (MANx)<br><br>**ORDER GRANTING MOTION TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA JS6** |

  This matter comes before the Court on the motion by Defendants Cox Communications, Inc. and CoxCom, Inc. (collectively, "Defendants" or "Cox") to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses. The motion was noticed for hearing on August 9, 2010. [Doc. # 19.] The Court deems this

matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## BACKGROUND

Plaintiff Leonard Castillo was employed by Cox in San Diego, California, from March 2006 to December 2009 and brings this wage and hour class action against Defendants on behalf of all California nonexempt employees. Although Plaintiff considers this to be a California-wide class of employees, Cox's facilities are not located state-wide. It is asserted by Cox, and not disputed by Plaintiff, that Cox, a service provider of cable television programming and telecommunications, operates nine facilities in California: six in San Diego County and the other three in Santa Barbara, Orange and Los Angeles Counties; and that during Plaintiff's entire period of employment, Plaintiff resided in San Diego County and worked at one of Cox's San Diego facilities. According to the Vice President of People Services for Cox's San Diego System, "Cox's San Diego facilities are managed separately from the other California facilities. The San Diego managers do not exercise any control over the operations or employment policies and practices at the other locations. Instead, each system reports directly to Cox's headquarters in Atlanta, Georgia." (Declar. of Larry Hofer, filed 07/09/10.) [Doc. # 19-1.] Cox personnel that "scheduled [Plaintiff's] shifts (including meal periods), processed his wages for payment, and reimbursed his expenses are all located in San Diego County." *Id.*

According to Plaintiff's first amended complaint, venue is proper here in the Central District of California because Defendants do business in Orange County. Other than that allegation, Plaintiff urges the Court to deny transfer because the Central District of California (1) is Plaintiff's choice of forum and (2) centrally located for this state-wide class action. Plaintiff does not dispute Defendants' contention that Plaintiff does not reside in the Central District of California.

//
//

## LEGAL STANDARD

Motions for change of venue are governed by 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The following principles guide the Court's analysis:

> Thus, the statute on its face has two requirements: (1) that the district to which the defendant seeks to have the action transferred is one in which the action "might have been brought," and (2) that the transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585,* 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)).

*Saleh v. Titan Corporation,* 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005).

> The general rule is that a plaintiff's choice of forum is afforded substantial weight. But, the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.

*Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (citations and quotation marks omitted).

Additionally, "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is

given less weight." *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted).

## DISCUSSION

It is undisputed that this action could have been brought in the Southern District of California. All of the facts underlying Plaintiff's claims occurred in the Southern District. None of the transactions at issue occurred in the Central District and it appears that most of the witnesses as to Plaintiff's claims are located in the Southern District. Clearly, the Southern District would be more convenient to Defendants. Although Plaintiff has chosen the Central District, he does not assert that the Southern District would be inconvenient to him. Without providing any supporting evidence, Plaintiff opines that the Central District would be more convenient to the class members because this is a state-wide class action. Of Cox's nine facilities, however, six are located in San Diego County. One is located in Orange County, one in Los Angeles County, and one in Santa Barbara County. Without more information, because of this breakdown of Cox's facilities, it would appear that there would be more Cox employees – and thus more class members – in the Southern District than in the Central District.

As such, it appears that the Southern District is more convenient to the parties and witnesses and has a greater connection to the activities alleged in the complaint. Additionally, given that Plaintiff does not reside in the Central District and is representing a class, his choice of forum is given less weight.

## CONCLUSION

Based on the foregoing, this Court finds that Defendants have met their burden of demonstrating that (1) this action could have been brought in the Southern District of California and (2) for the convenience of the parties and the witnesses and in the interest of justice, this action should be transferred to the Southern District.

Accordingly, the motion by Defendants Cox Communications, Inc. and CoxCom, Inc. to transfer this action to the United States District Court for the Southern District of

1  California pursuant to 28 U.S.C. § 1404(a) is GRANTED. It is FURTHER ORDERED
2  that the August 9, 2010 hearing and all other scheduled hearings are vacated.
3      IT IS SO ORDERED.

5  DATED: August 3, 2010

                                         DOLLY M. GEE
                         UNITED STATES DISTRICT JUDGE